Luke P. Breslin, Esq. (Bar ID #029222010)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT FIVE BELOW, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXSANDRA BONILLA, | Civil Action No. |
| Plaintiff, | |
| v. | **NOTICE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)** |
| FIVE BELOW, INC.; and JOHN DOES 1-5 AND 6-10, | |
| Defendants. | |

TO:    William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street, Room 2020
       Trenton, NJ 08608

       Costello, Mains, & Silverman, LLC
       Erica B. Askin, Esq.
       18000 Horizon Way, Suite 800
       Mount Laurel, NJ 08054
       Attorneys for Plaintiff

       Pursuant to the requirements of 28 U.S.C. § 1446(d), on February 27, 2024, a

Notice of filing of Notice for Removal, a true copy of which is attached hereto as Exhibit 1, has

been sent to the Clerk of the Superior Court of New Jersey, Law Division, Salem County for filing.

       Respectfully submitted,

       JACKSON LEWIS P.C.

200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By:    */s      Luke P. Breslin*
          Luke P. Breslin
          Cody C. Hubbs
          Attorneys for Defendants

Dated: February 27, 2024
4856-6582-4677, v. 2

# **EXHIBIT 1**

Luke P. Breslin, Esq. (Bar ID #029222010)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT FIVE BELOW, INC.

---------------------------------------------------x

| | |
|---|---|
| ALEXSANDRA BONILLA,<br><br>       Plaintiff,<br><br>  v.<br><br>FIVE BELOW, INC.; and JOHN DOES<br>1-5 AND 6-10,<br><br>       Defendants. | SUPERIOR COURT OF NEW JERSEY<br>SALEM COUNTY – LAW DIVISION<br>DOCKET NO.:  SLM-L-11-24<br><br>**<u>Civil Action</u>**<br><br>**NOTICE OF FILING OF NOTICE OF<br>REMOVAL** |

---------------------------------------------------x

TO:   Clerk of Superior Court, Law Division
       Salem County Courthouse
       92 Market St.
       Salem, New Jersey 08079

       Erica B. Askin, Esq.
       Costello, Mains & Silverman, LLC
       18000 Horizon Way, Suite 800
       Mount Laurel, New Jersey 08054

      **PLEASE TAKE NOTICE** that on February 27, 2024, Defendant Five Below, Inc.

electronically filed a Notice of Removal of this action to the United States District Court for the

District Of New Jersey with that court.

      **PLEASE TAKE FURTHER NOTICE** that in accordance with 28 U.S.C. § 1446,

Defendant is submitting a true and correct copy of that Notice of Removal, which is attached

hereto, as Exhibit A, for filing with the Superior Court of New Jersey, Law Division, Salem

County.

Respectfully submitted,

JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, New Jersey 07922
(908) 795-5200

By:    /s     *Luke P. Breslin*
                Luke P. Breslin
                Cody C. Hubbs

Dated: February 27, 2024

# **<u>EXHIBIT A</u>**

Luke P. Breslin, Esq. (Bar ID #029222010)
Cody C. Hubbs, Esq. (Bar ID #339942020)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
ATTORNEYS FOR DEFENDANT FIVE BELOW, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALEXSANDRA BONILLA,<br><br>       Plaintiff,<br><br>   v.<br><br>FIVE BELOW, INC.; and JOHN DOES<br>1-5 AND 6-10,<br><br>       Defendants. | Civil Action No.<br><br><br>**NOTICE AND PETITION FOR REMOVAL OF CASE FROM THE SUPERIOR COURT OF NEW JERSEY, LAW DIVISION, SALEM COUNTY** |

TO:   Costello, Mains, & Silverman, LLC
      Erica B. Askin, Esq.
      18000 Horizon Way, Suite 800
      Mount Laurel, NJ 08054
      Attorneys for Plaintiff

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendant Five Below, Inc. ("Five Below" or "Defendant") respectfully submits this Notice and Petition for Removal of this case from the Superior Court of New Jersey, Law Division, Salem County, bearing Docket No. SLM-L-000011-24 (the "State Court Action"), and states as follows as grounds for removal:

1.      On January 18, 2024, Plaintiff Alexsandra Bonilla filed a civil action against Five Below in the Superior Court of New Jersey, Law Division, Salem County, captioned as Alexsandra Bonilla v. Five Below, Inc., et al., Docket No. SLM-L-000011-24, alleging violations of the New Jersey Law Against Discrimination.  A true and correct copy of the Complaint in that

action is attached hereto as Exhibit A.

2.      Five Below was served with a copy of the summons and complaint on or about February 1, 2024.  A true and correct copy of the Affidavit of Service filed by Plaintiff is attached hereto as Exhibit B.

3.      The Summons, Complaint, Plaintiff's First Set of Interrogatories, and Plaintiff's First Request for the Production of Documents constitute all pleadings, process and other documents provided to Defendant in this action.  The Complaint was the initial pleading received by Defendant setting forth the claims upon which Plaintiff's action is based.

4.      This Notice of Removal is timely filed under 28 U.S.C. § 1446, as Defendant has filed this notice of removal within thirty (30) days of service of the Complaint on it on February 1, 2024.

5.      Defendant has not filed an answer or other pleading in the Superior Court of New Jersey, or made any appearance in the Superior Court of New Jersey.

6.      Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Plaintiff and Defendant.

7.      As set forth in the Complaint, Plaintiff is a resident of the State of New Jersey, residing in Mullica Hill, New Jersey.

8.      Conversely, Defendant is a resident of the State of Pennsylvania. Specifically, Five Below, Inc. is incorporated in the State of Pennsylvania and has its principal place of business at 701 Market Street, Suite 300, Philadelphia, PA 19106.  See 28 U.S.C. § 1332(c)(1).

9.      The entire amount in controversy, while not specifically enumerated in the

Complaint, contemplates an amount exceeding the sum or value of $75,000. As set forth in the Complaint, Plaintiff seeks compensatory damages, non-economic compensatory damages (including emotional distress and personal hardship), punitive damages, interest, costs of suit, and enhanced attorneys' fees. Accordingly, Defendant submits that the amount in controversy exceeds the jurisdictional amount.

10.    Since there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy is in excess of $75,000, this court has jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirement of 28 U.S.C. § 1332.

11.    The Superior Court of New Jersey, Salem County is located within the district of the United States District Court for the District of New Jersey. As such, venue is proper because the State Court Action lies within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.    Venue is also proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions alleged in the Complaint occurred within that judicial district.

13.    Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, including Plaintiff's failure to state any claims upon which relief may be granted.

14.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and filed with the Clerk of the Superior Court of New Jersey, Law Division, Salem County.

15.    This Notice of Removal is filed in compliance with Rule 11 of the Federal

Rules of Civil Procedure.

        **WHEREFORE**, Defendant respectfully requests the within action, now pending in the Superior Court of New Jersey, Law Division, Salem County, be removed to the United States District Court for the District of New Jersey.

        Respectfully submitted,

        JACKSON LEWIS P.C.
        200 Connell Drive, Suite 2000
        Berkeley Heights, New Jersey 07922
        (908) 795-5200

By:   */s   Luke P. Breslin*
        Luke P. Breslin
        Cody C. Hubbs
        Attorneys for Defendants

Dated: February 27, 2024
4881-1693-8405, v. 1

# EXHIBIT A

**COSTELLO, MAINS & SILVERMAN, LLC**
By:  Erica B. Askin
Attorney I.D. No. 022982008
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
easkin@costellomains.com
Attorneys for Plaintiff

| | | |
|---|---|---|
| ALEXSANDRA BONILLA, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | SALEM COUNTY - LAW DIVISION |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| FIVE BELOW, INC.; and | : | DOCKET NO: |
| JOHN DOES 1-5 AND 6-10, | : | |
| | : | |
| Defendants. | : | **COMPLAINT AND JURY DEMAND** |
| | : | |

Plaintiff, Alexsandra Bonilla, residing in Mullica Hill, New Jersey, by way of Complaint against the Defendants, says:

<u>**Preliminary Statement**</u>

Plaintiff opens this matter to the Court pursuant to the New Jersey Law Against Discrimination ("LAD") alleging gender discrimination and gender harassment.

<u>**Identification of Parties**</u>

1.      Plaintiff Alexsandra Bonilla is a resident of Mullica Hill, New Jersey and was, at all relevant times herein, an employee of Defendant Five Below, Inc.

2.      Defendant Five Below, Inc. (hereinafter "Five Below" or "Company") is a corporation operating a warehouse and distribution center at 5 Gateway Boulevard, Pedricktown, New Jersey 08067, and was, at all relevant times herein, Plaintiff's employer.

3.      Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff for the acts set forth herein.

### General Allegations

4.      Plaintiff is a 38-year-old Hispanic woman.

5.      Plaintiff began her employment with Defendant on or around July 6, 2022.

6.      Soon after Plaintiff began working for Defendant in July 2022, male coworkers gave her attention as a new employee, always friendly and offering to help.

7.      Plaintiff was friendly but always appropriate in her interactions with other employees.

8.      Plaintiff did not express romantic or sexual interest in any employee of Defendant.

9.      Frequently, Plaintiff's supervisor, Mark (last name unknown), interrupted any work-related interactions between Plaintiff and other male employees, asking, "Is everything okay?"

10.      Within weeks, Supervisor Mark began to only send Plaintiff to the receiving department to work.

11.      Prior to that time, Plaintiff worked mostly in the shipping department.

12.      Plaintiff found it hard to breathe in the shipping department because of the heat in the trucks, and was uncomfortably hot working in the trucks.

13.      In or around July 2022, the head mechanic said good morning to Plaintiff.

14.      Upon hearing the head mechanic say good morning to Plaintiff, Supervisor Mark rushed over and told him, "She has got to go, she can't talk to you now."

15.     On August 5, 2022, Plaintiff planned to speak with Supervisor Mark after the morning meeting to request that she stay in shipping instead of being sent to receiving due to it being so uncomfortably hot.

16.     On her way to speak with Supervisor Mark, Plaintiff spoke to a lead employee, who assured Plaintiff that Supervisor Mark should have no problem with her working in shipping, and said that he would speak to Supervisor Mark about keeping her there.

17.     Plaintiff then spoke with Supervisor Mark, asking why she was now being sent to receiving.

18.     Supervisor Mark told Plaintiff that he had to reprimand five male coworkers about being distracted by Plaintiff.

19.     Plaintiff made it very clear to Supervisor Mark that she was not talking inappropriately to anyone there, and had not provided her phone number or made any other gestures indicating that she was romantically interested in anyone.

20.     Supervisor Mark told Plaintiff that she needed to express verbally that she was uninterested.

21.     Supervisor Mark told Plaintiff that he had to report this problem to an upper manager named Matt (last name unknown).

22.     Plaintiff felt targeted, intimidated and anxious after the conversation with Supervisor Mark.

23.     That same day, Plaintiff decided to talk to the manager of the warehouse, Bob .

24.     Plaintiff went to Bob's office where she was met by an HR representative named Kelly.

25.     HR Representative Kelly told Plaintiff that she could come back in about a half an hour.

26.     Plaintiff returned to her department and told manager, Stephon, that she felt very uncomfortable and was waiting to talk to Manager Bob later that day.

27.     Supervisor Stephon understood Plaintiff's concern about retaliation because he heard Supervisor Mark say about Plaintiff, "She is a distraction, she needs to go."

28.     Plaintiff then returned to Bob's office and, on the way, HR Representative Melissa rushed over to Plaintiff asking her what was going on.

29.     Plaintiff told HR Representative Melissa that she wanted to speak to Bob.

30.     HR Representative Melissa told Plaintiff, "No, you do not talk to Bob, you talk to me, and I decide whether you get to see Bob."

31.     Plaintiff again felt intimidated and anxious.

32.     Plaintiff told HR Representative Melissa she felt uncomfortable and wanted to leave.

33.     HR Representative Melissa told Plaintiff she needed to make a written statement and sign it.

34.     Plaintiff said she still wanted to leave for the day.

35.     HR Representative Melissa told Plaintiff that if she left they would count it as points against her under their absence policy, and if she needed to go back to the warehouse for her things, she would be escorted.

36.     HR Representative Melissa then escorted Plaintiff all the way out of the building.

37.     Later that night, Plaintiff called corporate HR and explained what had occurred.

38.     The representative from corporate HR said that it was inappropriate for HR Representative Melissa to escort Plaintiff out of the building as she was still an employee and had not harmed anyone.

39.     The representative from corporate HR said that someone would reach out in response to her complaint.

40.     Approximately two to three days later, an employee of the warehouse where Plaintiff worked reached out to Plaintiff about her complaint.

41.     This person told Plaintiff to return to the building to discuss the situation.

42.     On August 11, 2022, Plaintiff returned to the warehouse for the discussion.

43.     When she went to the HR office, they said that the person who told her to return to the building no longer worked there.

44.     Plaintiff then saw Manager Bob walk by and explained the situation to him.

45.     Manager Bob said that he needed to go to a meeting and would have someone else sit down with Plaintiff.

46.     HR Rep Kelly then sat down with Plaintiff.

47.     Plaintiff provided HR Rep Kelly a written statement.

48.     HR Rep Kelly told Plaintiff that she had been late a couple of times and that she should be careful.

49.     HR Rep Kelly told Plaintiff that she still had her job at this point.

50.     When Plaintiff returned to work, she continued to feel uncomfortable and frequently management came over to tell her that she needed to go faster or give her other directives.

51.     Another female employee came over to talk to Plaintiff.

52.    The female employee told Plaintiff that she had a similar experience and was not allowed to dress in tights for a while.

53.    Another male employee said hello to Plaintiff, and mentioned that he knew he was not supposed to talk to her.

54.    Another employee told Plaintiff that he got into an argument with Mark regarding a similar restriction about talking with female employees.

55.    All harassment set forth herein is because of sex.

56.    All harassment alleged herein was severe and/or pervasive.

57.    A reasonable woman in the same or similar circumstances would have viewed the workplace as having altered to have become hostile and/or intimidating and/or abusive.

58.    The workplace did so alter as to become hostile, intimidating and abusive.

59.    Supervisor Mark was a member of "upper-level management" as that term is defined in the LAD.

60.    Manager Bob is an "upper-level manager" as that term is defined under the LAD.

61.    HR Representative Melissa is an "upper-level manager" as that term is defined under the LAD.

62.    Manager Matt is an "upper-level manager" as that term is defined under the LAD.

63.    Plaintiff has suffered economic and non-economic harm as a result of the unlawful actions of Defendant.

64.    All harassment set forth above was especially egregious and participated in and/or willfully ignored by one or more members of upper management, warranting the imposition of punitive damages.

## COUNT I

### Gender and/or Sexual Harassment under the LAD

65. Plaintiff hereby repeats and re-alleges paragraphs 1 through 64, as though fully set forth herein.

66. For the reasons set forth above, the Defendant is liable to Plaintiff for gender and/or sexual harassment under the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with non-economic compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT II

### Gender Discrimination under the LAD

67. Plaintiff hereby repeats and re-alleges paragraphs 1 through 66, as though fully set forth herein.

68. For the reasons set forth above, the Defendant is liable to Plaintiff for gender discrimination in violation of the LAD.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic compensatory damages, non-economic compensatory damages including emotional distress and personal hardship, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, and any other relief the Court deems equitable and just.

## COUNT III

### Request for Equitable Relief

69.     Plaintiff hereby repeats and re-alleges paragraphs 1 through 68, as though fully set forth herein.

70.     Plaintiff requests the following equitable remedies and relief in this matter.

71.     Plaintiff requests a declaration by this Court that the practices contested herein violate New Jersey law as set forth herein.

72.     Plaintiff requests that this Court order the Defendants to cease and desist all conduct inconsistent with the claims made herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated.

73.     To the extent that Plaintiff was separated from employment and to the extent that the separation is contested herein, Plaintiff requests equitable reinstatement, with equitable back pay and front pay.

74.     Plaintiff requests, that in the event that equitable reinstatement and/or equitable back pay and equitable front pay is ordered to the Plaintiff, that all lost wages, benefits, fringe benefits and other remuneration is also equitably restored to the Plaintiff.

75.     Plaintiff requests that the Court equitably order the Defendants to pay costs and attorneys' fees along with statutory and required enhancements to said attorneys' fees.

76.     Plaintiff requests that the Court order the Defendants to alter their files so as to expunge any reference to which the Court finds violates the statutes implicated herein.

77.     Plaintiff requests that the Court do such other equity as is reasonable, appropriate

and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and

in the alternative, together with compensatory damages, punitive damages, interest, cost of suit,

attorneys' fees, enhanced attorneys' fees, equitable back pay, equitable front pay, equitable

reinstatement, and any other relief the Court deems equitable and just.

**COSTELLO, MAINS & SILVERMAN, LLC**

By:  _/s/ Erica B. Askin_
     **Erica B. Askin**

Dated:  January 18, 2024

## DEMAND TO PRESERVE EVIDENCE

1.      All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.      Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO, MAINS & SILVERMAN, LLC**


By:     _/s/ Erica B. Askin_____
            Erica B. Askin


## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**COSTELLO, MAINS & SILVERMAN, LLC**


By:     _/s/ Erica B. Askin_____
            Erica B. Askin


10

## RULE 4:5-1 CERTIFICATION

    1.    I am licensed to practice law in New Jersey and am responsible for the captioned matter.

    2.    I am aware of no other matter currently filed or pending in any court in any jurisdiction which may affect the parties or matters described herein.

**COSTELLO, MAINS & SILVERMAN, LLC**

By:   */s/ Erica B. Askin*
           **Erica B. Askin**

## DESIGNATION OF TRIAL COUNSEL

Erica B. Askin, Esquire, of the law firm of Costello, Mains & Silverman, LLC, is hereby designated trial counsel.

**COSTELLO, MAINS & SILVERMAN, LLC**

By:   */s/ Erica B. Askin*
           **Erica B. Askin**

# EXHIBIT B

ALEXSANDRA BONILLA      Plaintiff

vs.

FIVE BELOW, INC., ET AL      Defendant

Superior Court of New Jersey
Law Division
Salem County
Docket Number: SLM-L-000011-24

## AFFIDAVIT OF SERVICE

(For Use by Private Service)

**Person to be served** (Name & Address):
Five Below, Inc.
Corporate Headquarters
1 Market Street, Suite 100
Philadelphia, PA 19106

**Attorney:**
ERICA A. ASKIN, ESQ.
Costello & Mains, Llc



STS2024014633

Cost of Service pursuant to R. 4:4-3(c)

$_____

**Papers Served:** Letter, Summons, Complaint, Demand to Preserve Evidence, Rule 4:5-1 Certification, CIS, Track Assignment Notice, Plaintiff's First Set of Interrogatories Directed to Defendants, Plaintiff's First Request For Production Of Documents and Lawyers Referral List

### Service Data:

Served Successfully __X__    Not Served_____    Date: _2/1/2024_____    Time: _1:40 pm_____    Attempts:_____

_____ Delivered a copy to him / her personally

_____ Left a copy with a competent household member over 14 years of age residing therein

___X___ Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc.

Name of Person Served and relationship / title:

_EVE ADKINS_____

_AGENT/MANAGING AGENT_____

### Description of Person Accepting Service:

Sex: _F___    Age: _28___    Height: _5'2___    Weight: _135___    Skin Color: _BLACK_____    Hair Color: _BLACK_____

**Comments or Remarks:**

### Server Data:

To Be Used Where Electronic Signature Not Available
Served Data: Subscribed and Sworn to before me on
02/05/2024 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
SHUMAILA KENNY - Notary Public
Delaware County
My Commission Expires October 12, 2025
Commission Number 1301792

HelloSign Approved E-Signature

I, Ronald Reid, was at the time of service a competent adult not having a direct interest in the litigation. I declare under penalty of perjury that the foregoing is true and correct.

_____    2/5/2024
Signature of Process Server     Date

STATUS, L.L.C.
PO Box 370
Bayville, NJ 08721
(908) 688-1414
Our Job Serial Number: STS-2024014633